# UNITED STATES DISTRICT COURT

for

## NORTHERN DISTRICT OF CALIFORNIA FILED

San Jose Venue

### Request to Modify the Conditions or Term of Supervision
#### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Ralph Ernest Mungaray**     Docket No.:  CR 5:07-00768-01 RMW

Name of Sentencing Judge: Frank C. Damrell, Jr.
United States District Judge

Date of Original Sentence: September 29, 2003

Original Offense: Bank Robbery, 18 U.S.C. § 2113(a), a Class C felony

Original Sentence: 57 months custody, 36 months supervised release
Special Conditions: drug/alcohol treatment; no alcohol; search

Prior Form(s) 12: On October 22, 2007, the Eastern District of California modified the offender's conditions of supervised release to include six months Home Confinement with Electronic Monitoring for admitted cocaine use and missing drug counseling and testing appointments.

Transfer of jurisdiction became effective November 28, 2007, from the Eastern District of California

Type of Supervision: Supervised Release     Date Supervision Commenced: June 7, 2007
Assistant U.S. Attorney: Michele Horton     Defense Counsel: Matthew C. Bockmon (AFPD)

## Petitioning the Court

To modify the conditions of supervision as follows:

1) The defendant shall reside for a period of up to six months, to commence immediately, in a Residential Reentry Center, Halfway House or other similar facility and shall observe the rules of that facility.

2) The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

NDC-SUPV-FORM 12B(1) 03/23/05

Ralph Ernest Mungaray                                                Page 2
CR 5:07-00768-01 RMW

## Cause

Charge Number          Violation

One                    There is probable cause to believe that the offender violated the standard
                       condition that states the defendant shall refrain from any unlawful use of a
                       controlled substance.

> On March 25, 2008, during a telephone conversation, the offender
> stated he used $40 worth of cocaine on Friday, March, 21, 2008, after
> he finished work. The offender was instructed to report to the
> probation office to address his recent use. The offender reported as
> instructed and submitted a urinalysis sample which tested
> presumptive positive for cocaine. The urine sample, specimen
> number A00197215, was confirmed positive for cocaine on March
> 27, 2008.

> On March 25, 2008, faxed correspondence from Pathway Society
> stated the offender tested presumptive positive for cocaine on March
> 23, 2008. The urinalysis sample was sent for confirmation. The
> results of this sample have not been received to date.

> On March 28, 2008, the offender reported to the probation office to
> discuss the consequences of his recent relapse in sobriety. The
> offender submitted another urine sample which tested presumptive
> positive for cocaine. This sample, specimen number A00197220,
> was sent to the laboratory for confirmation.

> Evidence of this violation can be obtained from the faxed
> correspondence from Pathway Society sent March 25, 2008, Krull
> Laboratory Specialists results for specimen number A00197215.

NDC-SUPV-FORM 12B(1) 03/23/05

Ralph Ernest Mungaray                                                                Page 3
CR 5:07-00768-01 RMW

Two                    There is probable cause to believe that the offender violated standard
                       condition number nine that states the defendant shall not associate with any
                       person engaged in criminal activity, and shall not associate with any person
                       convicted of a felony unless granted permission to do so by the probation
                       officer.

                                   On March 25, 2008, during a telephone conversation, the offender
                                   stated he used $40 worth of cocaine on Friday, March, 21, 2008, after
                                   he finished work. The offender was instructed to report to the
                                   probation office to address his recent use. The offender reported as
                                   instructed and stated on March 21, 2008, an individual named Huss
                                   called him on his cell phone and asked him if he wanted cocaine. The
                                   offender stated he met Huss at a gas station in Gilroy, California after
                                   work and bought $40 worth of cocaine. The offender stated he then
                                   went home and snorted the cocaine. The offender stated he does not
                                   know why he used and can not figure out his triggers to use.

                                   Evidence of this violation can be obtained from the case notes
                                   dated March 25, 2008.

The offender has a history of substance abuse. On October 22, 2007, the Honorable Frank C.
Damrell, Jr. modified the offender's conditions to include six months of home confinement with
electronic monitoring for testing positive for cocaine. While on Electronic Monitoring the offender
tested positive for cocaine. The offender had been attending weekly group and individual substance
abuse treatment as well as random testing.

In this recent relapse, the offender admitted to the use of cocaine and stated he has been stressed out
with work, supervision and his ongoing attempts to adjust his child support order. Placing the
offender in the Residential Reentry Center, for up to six months, continuing substance abuse
treatment and mental health treatment will serve as a sanction for this recent violation conduct and
assist the offender to lead towards sobriety and recovery from this recent use. Additionally the
Residential Reentry Center will provide the offender with structure while allowing him to maintain
employment and provide for his family.

The Assistant U.S. Attorney, Susan Knight, and Assistant Federal Public Defender, Cynthia Lie,
have been notified and there are no objections.

Address of offender:          500 W. Tenth St. #18
                              Gilroy, CA 95020

NDC-SUPV-FORM 12B(1) 03/23/05

Ralph Ernest Mungaray
CR 5:07-00768-01 RMW

Page 4

Respectfully submitted,

_____
Juan F Ramirez
U.S. Probation Officer

Date Signed: April 3, 2008

Reviewed by:

_____
Susan Portillo
Supervisory U.S. Probation Officer

THE COURT ORDERS:

☒ To modify the conditions of supervision as follows:

1) The defendant shall reside for a period of up to six months, to commence immediately, in a Residential Reentry Center, Halfway House or other similar facility, and shall observe the rules of that facility.

2) The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

☐ Submit a request for warrant

☐ Submit a request for summons

☐ Other:

_____4/3/08_____
Date

_____
Ronald M. Whyte
United States District Judge

NDC-PROB 49 02/01/05

# UNITED STATES DISTRICT COURT
for
## NORTHERN DISTRICT OF CALIFORNIA

Defendant Name:  Ralph E. Mungaray

Docket No.:  CR 07-00768-1 RMW

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term Of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel", I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1) The defendant shall reside for a period of up to six months, to commence immediately, in a Residential Reentry Center, Halfway House, or similar residential facility, and shall observe the rules of that facility.

2) The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

☐ *continued on next page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct and that this declaration was executed on the date indicated at San Jose.

Signed: _____
Probationer or Supervised Releasee

Date: 28 MARch 08

Witness: _____
Juan F Ramirez
U.S. Probation Officer

Date: 3/28/08